# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

TRUSTEES OF THE CONSTRUCTION )
INDUSTRY AND LABORERS HEALTH )
AND WELFARE TRUST, *et al.*, )
                                             Plaintiffs, )   2: 12-cv-00225-JCM- VCF
v. )
                                                    )   **O R D E R**
SHERYL ARCHIE, *et al.*, )
                                             Defendants. )

Before the court are Plaintiffs' Motions for Extension of Time for Service of Process and for Service by Publication. (#8 and #9).

Plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust filed their Complaint against Defendants Sheryl Archie (Archie) and James McKinney (McKinney) on February 13, 2012. (#1). On February 14, 2012, Summons were issued to Defendants at 6130 West Flamingo Road and to Adam Rosenberg, Esq., Callister & Associates.[1] (#3). On March 19, 2012, Summons were issued to Defendants at 3800 Alice Lane. (#6 and #7). On May 25, 2012, Plaintiffs filed the instant Motions for Extension of Time for Service by Process and for Service by Publication. (#8 and #9).

Plaintiffs ask this Court to permit service by publication of the Summons and Complaint on Defendants, pursuant to Nevada Rule of Civil Procedure 4(e)(1), as provided by Federal Rule of Civil Procedure 4(e)(1). (#9). Plaintiffs also ask this Court to grant an additional sixty days to serve

---

[1] Plaintiffs assert that a paralegal with Callister & Associates informed the process server that Callister & Associates only represent Defendants Archie and McKinney in Bankruptcy. (#9).

Defendants, under Federal Rule of Civil Procedure 4(m). (#20).

**Service by Publication**

Pursuant to Fed. R. Civ. P. 4(e)(1), "an individual – other than a minor, an incompetent person, or a person whose waiver had been filed – may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Under Rule 4(e)(1) of the Nevada Rules of Civil Procedure, "when the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or by concealment seeks to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that the defendant is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons." Nev. R. Civ. P. (4)(e)(1).

Plaintiffs assert that on March 15, 2012, counsel sent the Summons and Complaint to Legal Wings, Inc. for personal service upon Defendants. (#9). Plaintiffs also assert that Legal Wings made numerous diligent attempts to personally serve the Defendants at various addresses. *Id.* Plaintiffs' counsel states that despite performing a skip trace, Legal Wings was unable to locate a valid address for the Defendants and was unable to successfully serve the Defendants. (#9 Exhibit 1). Plaintiffs argue that Defendants either no longer reside in Nevada or are "willfully evading service." (#9). In support of Plaintiffs' assertion, Plaintiffs provided the Court with a declaration of counsel (#9-1 Exhibit 1); an Affidavit of Attempted Service upon Sheryl Archie at 6130 West Flamingo Road (#9-1 Exhibit 2); an Affidavit of Attempted Service upon Sheryl Archie through Adam Rosenberg, Esq., Callister & Associates (#9-1 Exhibit 3); an Affidavit of Attempted Service upon James McKinney at 6130 West Flamingo Road (#9-1 Exhibit 4); an Affidavit of Attempted Service upon James McKinney through Adam Rosenberg, Esq., Callister & Associates (#9-1 Exhibit 5); and two Affidavits of Due Diligence

1  detailing Legal Wings' unsuccessful efforts to locate the Defendants (#9-1 Exhibit 6 and Exhibit 7).

2  The Court finds that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), permitting service by publication of the Summons and the Complaint on defendants Archie and McKinney is warranted. Pursuant to Rule (4)(e)(1)(iii), the publication must be "made in a newspaper, published in the State of Nevada . . . for a period of 4 weeks, and at least once a week during said time." Nev. R. Civ. P. 4(e)(1)(iii). Plaintiffs assert that they desire to publish the summons in the Nevada Legal News. (#9). As this is a newspaper published in the State of Nevada, the Court permits the same. *See* Nev. R. Civ. P. 4(e)(1)(iii).

**Extension for Service**

Pursuant to Fed. R. Civ. P. 4(m), a defendant must be served within 120 days after the complaint is filed. If "the plaintiff shows good cause for the failure [to serve a defendant within 120 days], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, Plaintiffs are required to serve Defendants by June 12, 2012. (#8). Plaintiffs assert that an additional sixty days is required to serve Defendants. *Id*. Plaintiffs ask this Court to extend the 4(m) deadline to August 11, 2012. *Id*. As Plaintiffs have demonstrated "good cause" for their failure to effectuate service, and have provided support for their request for an extension, the Court will extend the 4(m) deadline until August 11, 2012. *See* Fed. R. Civ. P. 4(m).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust's Motions for Extension of Time for Service of Process and for Service by Publication (#8 and #9) are GRANTED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 4(e)(1) and Nev. R. Civ. P. 4(e)(1), the Summons in this action shall be served by publication in the Nevada Legal News, for a period of

4 weeks, and at least once a week during that time.

　　　　IT IS FURTHER ORDERED that the deadline to serve defendants Archie and McKinney shall be extended up to and including August 11, 2012.

　　　　DATED this 4th day of June, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**