UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>SHERYL ARCHIE, et al.,<br><br>Defendant(s). | 2:12-CV-225 JCM (VCF) |

**ORDER**

Presently before the court is plaintiffs' motion to strike the answer and counterclaims. (Doc. # 16). Defendants filed a response (doc. # 18), and plaintiffs filed a reply (doc. # 19). Defendants also filed a sur-reply without leave of the court. (Doc. # 20). Additionally, defendants filed a motion to amend their sur-reply (doc. # 21), and plaintiffs appear to have elected not to file a response.

Also before the court is defendants' motions for sanctions. (Doc. # 22). Plaintiffs filed a response in opposition (doc. # 25), and defendants filed a reply (doc. # 26).

**I.     Background**

On February 13, 2012, plaintiffs filed a complaint against defendants Sheryl Archie and James McKinney ("defendants") for allegedly violating various requirements under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Doc. # 1, Compl.). Plaintiffs allege that defendants are signatories to certain collective bargaining agreements which require defendants to

**James C. Mahan**
**U.S. District Judge**

1 "submit monthly remittance reports and to make timely contributions based on those reports to the
2 Trust Funds. . . ." (Doc. # 1, Compl., at ¶ 16).

3     After filing the complaint, plaintiffs undertook substantial and targeted attempts to effectuate
4 service on defendants. (*See* motions to extend time for service, docs. ## 8 & 13). Plaintiffs
5 attempted all the following: hired a private company to effectuate service; attempted service at two
6 different addresses (plaintiffs attempted service at these addresses multiple times and at various
7 times of the day); attempted to serve the defendants' attorney in bankruptcy proceedings; searched
8 and found a third listed address with the Nevada Department of Motor Vehicles and attempted
9 service at that address; and, attempted service by publication. (*Id.*).

10     Eleven days after plaintiffs' second motion for extension of time for service, defendants
11 answered the complaint. (Doc. # 14). In their pro se answer, defendants deny all allegations made
12 by plaintiffs, assert thirty-eight affirmative defenses, and allege ten counterclaims against plaintiffs.
13 (*Id.*). Defendants failed to list any contact information in their answer. (*See id.*).

14     Plaintiffs' motion seeks to strike the answer and counterclaims because of the failure to
15 include any contact information, which violates various local rules and certain Federal Rules of Civil
16 Procedure. (Doc. # 16). Defendants' response to the motion to strike provided contact information,
17 and made arguments against striking the answer and counterclaim. (Doc. # 18).[1]

## II.   Legal Standards

19     Federal Rule of Civil Procedure 11(a) requires that pleadings, motions, and other papers
20 "must state the signer's address, e-mail address, and telephone number." Local rule 10-2 requires
21 that "the following information shall be stated upon the first page of every paper presented for filing
22 [ ]: [t]he name, address, telephone number, fax number, e-mail address, and Nevada State Bar
23 number, if any, of the attorney and attorney filing the paper, whether such attorney appears for the
24 plaintiff, defendant or other party, or the name, address and telephone number of a party appearing
25 in *pro se*."

---

[1] From the court's review of defendants' filings since plaintiffs' motion to strike, the defendants have been listing the same contact information with each filing.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Motions to strike are generally regarded with disfavor. . . ." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F.Supp.2d 1102, 1106 (C.D. Cal. 2008). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id.* (internal citations and quotations omitted). Whether to grant a motion to strike lies within the sound discretion of the district court.

Federal Rule of Civil Procedure 11 "provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or brought for an improper purpose." *Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Trust*, 244 F.Supp.2d 1098, 1102 (D. Nev. 2003); *See* Fed. R. Civ. P. 11(b); *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992). "A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions." *Id.*

### III. Discussion

The court will discuss the motion to strike, the motion to amend, and the motion for sanctions in turn.

*A.    Motion to Strike*

Plaintiffs accuse defendants of purposefully delaying this action in an attempt to circumvent legal obligations. (*See* doc. # 16, at 5 ("[A]lthough making service of process moot by filing its Answer, Defendants continue their attempts to evade their responsibilities to the Trust Fund and its obligations to this Court by failing to provide any contact information on their Answer and Counterclaim filed with the Court and provided to the Trust Funds. After several months of their due-diligence attempts of serving Defendants with the Complaint, the Trust Funds still do not have an address to which the Trust Funds can send any pleadings or anything else, nor do the Trust Funds have a phone number for contacting Defendants.")). The court agrees that defendants purposefully attempted to evade service.

Defendants, likewise, accuse plaintiffs of dilatory tactics. (Doc. # 18 at 5 ("Plaintiffs have been dilatory throughout the pendency of this action. For an approximate five month period

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Plaintiffs knowingly attempted to serve Defendants at the wrong address then burdens the court
2  twice to extend time.")). The court is not convinced this is an accurate portrayal of the pre-answer
3  activity. The court finds that plaintiffs did not knowingly attempt to serve defendants at the wrong
4  address. (*See* order, doc. # 10) (granting service by publication). Plaintiffs made calculated and
5  good faith attempts at service.

6  The real issue raised in the motion is whether the court should strike the answer and
7  counterclaims for failing to comply with the Federal Rules of Civil Procedure and local rules that
8  mandate that answers, motions, and other filings with the court provide accurate contact information
9  of the party that filed the relevant documents. "The requirement that litigants include contact
10 information, however, is not meant to serve as a deterrent; contact information is required so that all
11 parties and the court can have that information to ease administration of the litigation." *V.P. Music
12 Group, Inc. v. McGregor*, no. 11-cv-2619, 2012 WL 1004859, at *4 (E.D.N.Y. March 23, 2012).
13 Neither Rule 11(a) nor local rule 10-2 require a court to strike a party's filing because the party did
14 not provide the relevant contact information, though certainly the court could choose to strike the
15 filing in certain situations. *See* Fed. R. Civ. P. 11(a); local rule 10-2.[2]

16 Here, defendants did not provide contact information with the answer and counterclaims.
17 However, in defendants' response, sur-reply, motion to amend, and motion for sanctions, defendants
18 have included the same contact information with each filing. This corrective action remedies their
19 omissions in the answer. Further, it would be a waste of time and judicial resources to strike the
20 answer so that the defendants could then later refile the exact same answer with contact information
21 that both the court and plaintiffs now already have from defendants' subsequent filings. However,
22 defendants are cautioned that appearing *pro se* does not excuse compliance with the Federal Rules
23 of Civil Procedure or local rules in the future. Finally, the court agrees that plaintiffs have properly
24 reserved the right to assert any and all affirmative defenses to defendants' counterclaims.

25     B.    *Motion to Amend*

26 What defendants really seek to amend in their motion is their own sur-reply, which they never

---

[2] The rule does require the court to strike unsigned documents.

**James C. Mahan**
**U.S. District Judge**

- 4 -

received permission from the court to file in the first instance. Plaintiffs filed a motion (doc. # 16), defendants filed a response (doc. # 18), and plaintiffs filed a reply (doc. # 19). Defendants, then, filed a sur-reply (doc. # 20) that they now seek to amend in their motion. In the motion to amend to amend, defendants seek to amend their sur-reply to place their exhibits in consecutive order and remove their requests for sanctions against plaintiffs.

"Although the court in its discretion [may] allow the filing of a sur-reply, this discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists." *Johnson v. Wennes*, no. 08-cv-1798, 2009 WL 1161620, at *2 (S.D. Cal. April 28, 2009). Neither the federal rules nor the local rules permit a sur-reply as a matter of course.

Defendants never sought leave of the court to file their sur-reply. The court can discern no valid reason on its own why defendants should have been permitted to file a sur-reply to plaintiffs' motion. Therefore, this motion to amend is denied and the sur-reply (doc. # 20) is stricken. Again, appearing *pro se* does not excuse compliance with the local or federal rules.

**C.     Sanctions**

Defendants filed a motion under Rule 11 for sanctions against plaintiffs. (Doc. # 22). Defendants justify their motion for sanctions by arguing, in dramatic rhetoric, that it was improper for plaintiffs to file their motion to strike. (*Id.* at 2 ("Plaintiffs must repent from its frivolous, vexatious, dilatory and unwarranted assertion that Defendants [sic] Answer and Counterclaim is defective due to an alleged violation of evasion of service, Local Rule 10-2 and Federal of Civil Procedure 11 as enumerated in Plaintiffs [sic] Motion to Strike Answer and Counterclaim is an ethical violation of the Model Code of Professional Responsibility, dilatory, brought for an improper purpose, motivated by bad faith, fundamentally frivolous and malicious, unwarranted, unsupported by law or fact, and gives rise to the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, and Inherent Power.").

Plaintiffs succinctly respond by stating "the Court must look past such hyperbole." (Doc. # 25, at 2). The court agrees. Plaintiffs filed the motion to strike in the first place because the answer was defective–defendants violated the local rules and Federal Rules of Civil Procedure by omitting

1  certain required information. To file a motion asking the court to impose sanctions because the other
2  party filed a motion that is unequivocally and factually correct is preposterous.[3] Defendants cannot
3  refute that their original answer omitted required contact information.
4      The court is well aware that civil litigation sometimes becomes contentious. That is fine.
5  However, the contentiousness of litigation does not make it appropriate to file unnecessary motions
6  for sanctions every time the opposing party files a motion.
7      Accordingly,
8      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to strike
9  (doc. # 16) be, and the same hereby, is DENIED consistent with the foregoing.
10     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion to
11 amend (doc. # 21) be, and the same hereby, is DENIED.
12     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the clerk of the court is
13 to strike defendants' sur-reply (doc. # 20).
14     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion for
15 sanctions (doc. # 22) be, and the same hereby, is DENIED.
16     DATED December 20, 2012.

**UNITED STATES DISTRICT JUDGE**

---

[3] This is not an invitation for plaintiffs to file a motion for sanctions against defendants.