# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\*\*\***

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST, <br><br>Plaintiffs / Counterclaim Defendants, <br><br>vs. <br><br>LAS VEGAS METROPOLITAN POLICE SHERYL ARCHIE; an individual; JAMES MCKINNEY, an individual <br><br>Defendants / Counterclaim Plaintiffs. | 2:12-cv-00225-JCM-VCF <br><br>**ORDER** <br><br>**(Motion to Compel #53, Motion to Compel #56)** |

Before the Court is Plaintiffs Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Vacation Trust, Trustees of the Southern Nevada Laborers Local 872 Training Trust's (hereinafter "the Trustees) Motion to Compel (#53). Defendants filed an Opposition (#55) and the Trustees filed a Reply (#58).

Also before the Court is Defendants Sheryl Archie and James McKinney's Motion to Compel (#56). The Trustees filed a Response (#59) and Defendants filed a Reply (#60).

### A.        Relevant Background

Plaintiffs Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Vacation Trust, Trustees of the Southern Nevada Laborers Local 872 Training Trust (hereinafter "the Trustees") commenced this action on February 13, 2012 in the United States District Court, District of Nevada based on federal question jurisdiction, pursuant to 29 U.S.C. § 1132(e).  (#1). The Trustees allege in their Complaint that Defendants Archie and McKinney served in their individual capacities as "officer, director, and owner" of Floppy Mop, Inc., a Nevada corporation (hereinafter "Floppy Mop").  *Id.*  The Trustees further allege that Floppy Mop was a "signatory to and bound by the terms of" a collective bargaining agreement with Laborers International Union of North America, Local No. 872, that employed workers covered by the agreement.  *Id.*  The collective bargaining agreement mandated that payments be made, pursuant to 29 U.S.C. §§ 1001-1005 ("ERISA"), into various employee trust funds governing health and welfare, pensions, vacations, and training.  *Id.*  According to the Trustees, Defendants, as representatives of Floppy Mop, "breached [their] dut[ies] as [] ERISA fiduciar[ies]" by failing to make payments to the various trust funds and should be held "personally liable to repay any and all losses to [those trusts] resulting from the breach of duty, including the unpaid employee benefit contributions," lawyers fees, and other amounts totaling to at least $535,158.  *Id.*

On August 17, 2012, Defendants filed an Answer (#14) to the Trustees' Complaint (#1) and a Counterclaim (#28) against the Trustees alleging that the present action is discriminatory and was brought in bad faith, seeking "consequential and compensatory damages." (#14); (#28)[1].  On January 4, 2013, the Trustees filed an Answer to Defendants' Counterclaim (#28).  (#29).  On January 29, 2013, the Court signed the Proposed Discovery Plan and Scheduling Order (#31), assigning the deadline for

---

[1]Defendants filed the same document twice with the Court; once as an Answer (#14) to the Trustees' Complaint (#1), and once as a Counterclaim (#28) against the Trustees.

Discovery on July 3, 2013, Motions on August 2, 2013, and a Proposed Joint Pretrial Order on September 3, 2013.  (#32).

On March 19, 2013, Defendants filed a Motion to Add or Join Parties.  (#38).  On March 28, 2013, the Trustees filed a Motion to Dismiss Defendants' Counterclaim (#28) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (#39).  On April 4, 2013, Defendants filed a second Motion for Leave to File Amended Complaint and Counterclaim.  (#42).  On April 5, 2013, the Trustees filed a Response in opposition to Defendants' Motion to Add or Join Parties (#38), arguing that Defendants' proposed Counterdefendants fail to meet the requirements of Rule 19(a)(1)(a) to be joined to the present action.  (#41).  Between the dates of April 9 and April 18, 2013, Defendants filed a Motion to Strike the Trustees' Motion to Dismiss (#39), a Motion to Correct Defendants' Motion for Leave (#42), and a Reply to the Trustees' Response to Defendants' Motion to Add or Join Parties (#38).  *See* (## 43-45). On April 19, 2013, the Trustees filed, in sequential order, a Reply in support of their Motion to Dismiss (#39), a Response to Defendants' Motion to Strike (#43), a Response to Defendants' Motion for Leave (#42), and a Response to Defendants' Motion to Amend (#44).  *See* (## 46-49).  On May 2, 2013, Defendants filed a Reply to the Trustees' Response to the Motion to Strike (#43).  (#50).

On May 7, 2013, the parties filed a Joint Interim Status Report proposing trial dates for November, 2013, December 2013, or January 2014.  (#51); *see* (#52) (Notice of corrected document). On May 13, 2013, the Trustees filed a Motion to Compel Discovery against Defendants.  (#53); *see* (#54) (Errata to #53).  On June 4, 2013, Defendants filed a Response to the Trustees' Motion to Compel (#53), and a Motion to Compel Discovery against the Trustees.  (#55); (#56).  On June 10, 2013, the Court ordered a Hearing to be scheduled on July 10, 2013, to address both parties' Motions to Compel (## 53, 56).  (#57).  On June 13, 2013, the Trustees filed a Reply in support of their Motion to Compel (#53).  (#58).  On June 20, 2013, the Trustees filed an Opposition to Defendants' Motion to Compel

(#56).  (#59).  On July 9, 2013, Defendants filed a Motion in Support of their Motion to Compel (#56).  (#60).  The Court held a hearing on the parties' Motions to Compel (##53, 56) on July 10, 2013.  (#61).

**B.**   **Arguments**

**1.**   **The Trustees' Motion (#53)**

The Trustees argue that Defendants should be compelled to comply with the Trustees' discovery requests, including the Trustees' first set of Interrogatories, Requests for Production, and Requests for Admission, because "[e]mployee benefit contributions become [the Trustees'] assets when they become due, and those who have discretion and control over whether such assets are transferred to [the Trustees] become fiduciaries in that limited capacity and liable to ensure the contributions are paid." (#53). Although Defendants objected to all discovery requests on the grounds that they pertained to Floppy Mop as opposed to Defendants individually, the Trustees assert that such requests are relevant to the case because they "are directly related to [the Trustees'] claims for fiduciary liability against Defendants," and that such inquiries are necessary to determine the scope of Defendants' role with Floppy Mop. *Id.*   Citing Rule 37(a)(3)(B) to support the Motion (#53), the Trustees argue that Defendants' objections are insufficiently alleged to preclude compliance with the discovery requests. *Id*.

Defendants, in their Response to the Trustees' Motion to Compel (#55), assert that they were entitled to object to all previous discovery requests because the Trustees "are coming after Defendants in this litigation as Owners and officers of Floppy Mop by and through Floppy Mop's Contractual relationship with the MLA Master Labor Agreement in which [the Trustees] are a third party to." (#55). Defendants also contest the description of their objections as "irrelevant" because "[i]rrelevance is a harsh word to use when talking about unfair treatment, disparate treatment, fraud, and discrimination." *Id*.

In the Reply to Defendants' Response (#58), the Trustees counter Defendants' arguments by stating that none of the objections are sufficient to avoid compliance with discovery.   (#58).   The Trustees reaffirm that Floppy Mop "is not a party to this litigation. . . [and] [e]ven if Floppy Mop were a party to this case, it would not excuse [Defendants] Archie and McKinney from responding to the discovery because [it] pertains exclusively to [claims against them]."   *Id*.   The Trustees address Defendants' "irrelevance" claim by arguing that "[t]he facts at issue may have significant consequences for Defendants" as well as the Trustees and "the Participants who depend on such contributions," and that Defendants have failed to meet their burden of showing how the opposed discovery requests are irrelevant or burdensome.   *Id*.

### 2.    Defendants' Motion (#56)

Defendants argue that the Trustees "have objected [to many of Defendants' requests] without sufficient grounds. . . and [have] refused to respond [to those requests]."   (#56).   Defendants argue that their discovery requests are necessary "to prove that [Defendants] have been discriminated against, treated in a disparate way[,] retaliated against, harassment, alter ego, harassment and violation of Most Favorite Nation."   *Id*.   Defendants claim that the information sought by their discovery requests pertains to "information on disparate treatment. The same information sought for Admission as Floppy Mop had paid when worked and was not part of the Union."   *Id*.

The Trustees counter that "Defendants' Motion violates fundamental requirements for discovery motions," pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 26-7(a).   (#59); *see Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 170 (D. Nev. 1996).   The Trustees argue that under the standard established by *Shuffle Master*, Defendants' Motion (#56) is procedurally deficient.   *Id*.   Specifically, the Trustees allege that Defendants' Motion (#56) fails because (1) the "affidavit of Sheryl Archie. . . makes no reference of any meeting or conference with [the Trustees's] counsel regarding Defendants' discovery requests," (2) "Defendants have attached no certification set

forth in Local Rule 26-7. . . [they only] indicate that they made good faith efforts to conduct discovery," (3) "Defendants failed to set forth the full text of the discovery originally sought," and (4) "Defendants failed to include a sufficient certification that it has in good faith attempted to confer with [the Trustees] to secure the information it seeks without court action." *Id*.

The Trustees further assert that the Motion should fail because it is not "supported by a memorandum of points and authorities," as required by Local Rule 7-2. *Id*. Without points and authorities, the Trustees state that they "have nothing to which they can respond through this Opposition." *Id*. Despite this assertion, the Trustees have opposed Defendants' Motion (#56) by incorporating "by reference [the Trustees'] arguments included in the pending Motion to Dismiss," *see* (#39), that argues Defendants "have no standing to bring their counterclaims" because they "relate to a labor agreement" between individuals, none of whom "are parties to this litigation." *Id*.

### C.   Discussion

#### 1.   Relevant Law

Rule 26(b)(1) of the Federal Rules of Civil Procedure limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense," emphasizing that the parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." FED. R. CIV. P. 26. Despite this language, most courts find that "relevancy under Rule 26 is extremely broad." *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 431 (D. Nev. 2006) (citations omitted). Rule 26 thus governs the scope of discovery for Rule 33 interrogatories, Rule 34 document requests, and Rule 36 admissions. *See* FED. R. CIV. P. 26, 33, 34, 36.

A party seeking discovery may move for an order to compel responses if the responding party has not acted in good faith by providing complete answers to the discovery requests. *See Haney v. Woods*, 2:11-CV-2196 JAM EFB, 2013 WL 870665 (E.D. Cal. Mar. 7, 2013). The Court engages in a balancing test to determine whether "the burdens of the requests outweigh[] their potential benefits" by

considering (1) the "relevancy" of the moving party's discovery requests within the scope of Rule 26, and (2) the responding party's objections, if they are "clearly articulated" to show why discovery should not be allowed.  *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (1975); *Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, 1:10-CV-00148 LJO, 2011 WL 2518948 (E.D. Cal. June 23, 2011).

To properly bring a Motion to Compel, the moving party must include "a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party," and "accurately and specifically" detail how the parties have "attempted to personally resolve the discovery dispute."  *Shuffle Master*, 170 F.R.D. at 170.  The certification must "include more than a cursory recitation that counsel have been 'unable to resolve the matter.'"  *Id*. at 171.  The moving party must also provide "in full the text of the discovery originally sought and the response thereto, if any."  LR 26-7(a).

The Court may stay discovery when it is "convinced that the plaintiff will be unable to state a claim for relief" and where "discovery is not required to address the issues raised by [d]efendant's motion to dismiss."  *White v. American Tobacco Co.*, 125 F.R.D. 508 (D. Nev. 1989)(citing *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *Jarvis v. Regan*, 833 F.2d, 149, 155 (9th Cir.1987)).  A two-factor test is applied when evaluating whether discovery should be stayed.  *See, e.g.*, *Mlenjnecky v. Olympus Imaging America, Inc.*, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (collecting cases).  The pending motion (1) must be at least dispositive of the issue on which discovery is sought, and, if so,  (2) can be decided absent additional discovery.  *Id*.

Before the Court stays discovery, it must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether it is "convinced" that a plaintiff will be unable to state a claim for relief.  *Id*.  Thus, the purpose of the "preliminary peek" is to allow the Court to decide whether it is more

just to speed the parties along in discovery or to delay discovery and other proceedings to accomplish the inexpensive determination of the case. *See* FED. R. CIV. P. 1.

### 2.    The Trustees' Motion to Compel (#53)

The Trustees have satisfied their burden of showing that their discovery requests fall within the scope of Rule 26. *See* (#53). The Trustees have an obligation to ensure that all contributions under an ERISA claim have been paid, and to "pursue amounts if a fiduciary responsible for paying Trust Fund assets to the Trust Fund fails to do so" through litigation. *See id*. The Trustees discovery requests seek to establish Defendants' possible fiduciary relationship with Floppy Mop, which in a previous action was found to owe money to the Trustees. *See id*. Even if the information gathered through discovery will be inadmissible at trial, it appears to be "reasonably calculated to lead to the discovery of admissible evidence" insofar as it may establish Defendants' potential fiduciary relationship with Floppy Mop. *See* FED. R. CIV. P. 26.

The burden thus shifts to Defendants to support their objections. Defendants assert in their Opposition that the Trustees' discovery requests are objectionable because the Trustees are "a third party to" the "Master Labor Agreement" that obligates Floppy Mop to make payments. (#55). Defendants assert that Floppy Mop is not a party to the present action and that Defendants "can contest the validity of the judgement [of the separate action between the Trustees and Floppy Mop] on the amounts Floppy Mop owes. . . as it was not figured according to rule." *Id*. Neither argument adequately supports Defendants' objections to the Trustees discovery requests because neither argument refutes the Trustees' showing that their discovery requests address Defendants individually and independently of Floppy Mop. Although the Trustees' discovery requests relate to Floppy Mop in that they attempt to establish Defendants as fiduciaries of the company, the requests are not directed at Floppy Mop and do not seek to add Floppy Mop to this present action. Having failed to justify their objections to the

Trustees' discovery requests, Defendants are unable to show why they should be exempt from complying with discovery.

The Trustees are entitled to responses to their discovery requests so that the universe of facts may be established in the present action. These facts must be identified before any substantive issues may be addressed. The Court thus grants the Trustees' Motion to Compel (#53) in full and Defendants have until July 24 to comply with the discovery requests by providing complete, good faith responses, even if some responses merely state that Defendants have no knowledge of certain questions.

### 3.   Defendants' Motion to Compel (#56)

Defendants' discovery requests relate to issues raised by their Counterclaim. *See* (#28). Currently, there is a pending Motion to Dismiss Defendants' Counterclaim (#39) before the Hon. Judge Mahan. Although resolution of this motion will not be dispositive of the entire action, it will resolve whether or not Defendants' Counterclaim (#28) may proceed. This Court must therefore take a "preliminary peek" at the Trustees' Motion (#39) to determine how best to rule on Defendants' Motion to Compel (#56). *See Mlenjnecky*, 2011 WL 489743 at *6.

The Trustees have filed a Motion to Dismiss (#39) on the grounds that Defendants lack standing to allege any of their ten counterclaims because they all relate to "a contract between Floppy Mop and the Union, not between Defendants and [the Trustees]," while the present action concerns "fiduciary liability claims against Defendants Archie and McKinney in their individual capacity because they had discretion and control to determine whether the amounts owed would be paid to [the Trustees] from Floppy Mop as required." (#39). Under ERISA, a "fiduciary" is defined as any person who:

> (1) "exercises any discretionary authority or discretionary control respecting management" of "any plan, fund, or program which was. . . established or is maintained for the purpose of providing for its participants or their beneficiaries . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services," (2) "renders investment advice for a fee or other compensation, direct or indirect. . . or has any authority or responsibility to do so," or (3) "has any discretionary authority or

discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002 (1), (21)(A).

Defendants' alleged status as fiduciaries is based on the provisions of 29 U.S.C. § 1002 (21)(A). Defendants need not be a party to the labor agreements, however, to be liable on the fiduciary claims.  It appears from the record available at this time that Defendants lack standing to challenge the manner in which the Trustees administered the Master Labor Agreement.  In the interests of conserving judicial resources and protecting the parties from costly and superfluous discovery, the Court therefore denies Defendants' Motion to Compel (#56) without prejudice and discovery pertaining to the Counterclaim (#28) will be stayed, pending a decision on the Trustees' Motion to Dismiss (#39).  If any of Defendants' Counterclaim (#28) survives, the parties must undertake a good faith effort to conduct discovery, pursuant to Local Rule 26-7, by organizing a sincere and personal opportunity to meet and confer.  *See Shuffle Master*, 170 F.R.D. at 170.  A new scheduling order will also be entered to reflect the additional discovery.

Accordingly and for good cause shown,

IT IS ORDERED that Plaintiffs Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Vacation Trust, Trustees of the Southern Nevada Laborers Local 872 Training Trust's Motion to Compel (#53) is GRANTED.

IT IS FURTHER ORDERED that Sheryl Archie and James McKinney's Motion to Compel (#56)  is DENIED, without prejudice.

IT IS FURTHER ORDERED that:

1.    Defendants Archie and McKinney must fully and in good faith respond to all discovery requests by July 24.

2.    Discovery pertaining to Defendants Archie and McKinney's Counterclaim (#28) will be stayed, pending a decision on the Motion to Dismiss (#39).

3.  If any of Defendants' Counterclaim (#28) survives, a new scheduling order will be entered and the parties must undertake a good faith effort to meet and confer before conducting discovery on those issues.

DATED this 15th day of July, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE