1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRUSTEES OF THE
CONSTRUCTION INDUSTRY AND
LABORERS HEALTH AND
WELFARE TRUST, et al.,

Plaintiff(s),

v.

SHERYL ARCHIE, et al.,

Defendant(s).

2:12-CV-225 JCM (VCF)

**ORDER**

Presently before the court is *pro se* defendants', Sheryl Archie and James McKinney, motion to add parties. (Doc. # 38). Plaintiffs filed a response in opposition (doc. # 41), and defendants filed a reply (doc. # 45).

Also before the court is plaintiffs' motion to dismiss the defendants' counterclaims. (Doc. # 39). Defendants never filed a response in opposition, and plaintiffs filed a reply (doc. # 46).

Also before the court is defendants' motion for leave to file amended counterclaims. (Doc. # 42). Plaintiffs filed a response in opposition (doc. # 48), and defendants never filed a reply.

Also before the court is defendants' motion to strike. (Doc. # 43). Plaintiffs filed a response in opposition (doc. # 47), and defendants filed a reply (doc. # 50).

Also before the court is defendants' motion to amend/correct their motion for leave to file an amended complaint. (Doc. # 44). Plaintiffs filed a response in opposition (doc. # 49), and

James C. Mahan
U.S. District Judge

1   defendants never filed a reply.

2   **I.   Background**

3        Despite the many motions, not many facts are necessary to dispose of the pending motions.

4   This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29

5   U.S.C. § 1001-1500.

6        Plaintiffs claim to be fiduciaries for the purposes of ERISA.  Plaintiffs collect, or covered

7   employers are required to remit, employee benefit trust funds that provide pension, health and

8   welfare, vacation and training benefits to certain covered employees.

9        According to plaintiffs, defendants were the officers, directors and/or owners of a corporation

10  named Floppy Mop.  Floppy Mop and the Laborers International Union of North America, Local no.

11  872 signed a collective bargaining agreement ("CBA").  The CBA required Floppy Mop to submit

12  monthly remittance reports and to make timely contributions based on those reports to plaintiffs on

13  behalf of each employee who performed work covered by the CBA.

14       In a prior lawsuit in this district, *Trustees of the Construction Industry and Laborers Health*

15  *and Welfare Trust et al v. Floppy Mop Inc.*, case number 2:10-cv-01603-KJD-GWF, plaintiffs

16  obtained a judgment against Floppy Mop in the amount of $535,158.  Plaintiffs now have filed the

17  instant lawsuit against Sheryl Archie and James McKinney, whom plaintiffs claim are liable for

18  Floppy Mop's outstanding judgment by virtue of their ownership and control of Floppy Mop.

19  **II.   Analysis**

20       There are many pending motions in this case.  The court finds it appropriate to address each

21  motion one by one.

22       Additionally, as a preliminary matter, the court acknowledges that defendants are proceeding

23  *pro se*.  Documents filed pro se are held to less stringent standards.  *Erickson v. Pardus*, 551 U.S.

24  89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

25  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

26  lawyers.") (internal quotations and citations omitted).  However, "pro se litigants in the ordinary civil

27  case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*,

28

**James C. Mahan**
**U.S. District Judge**

1    790 F.2d 1362, 1364 (9th Cir.1986).

2         Many of the motions have been filed by the *pro se* defendants.  The court has afforded the

3    *pro se* defendants the less stringent standards, but, ultimately, their motions either lack merit, are

4    procedurally incorrect, or both.

5         A.    *Motion to File Amended Complaint and Motion to Correct Amended Complaint*

6         After being served with plaintiffs' complaint, defendants filed an answer and counterclaims.

7    (*See* docs. ## 14 & 28).  In their first motion to amend, (doc. # 42), defendants cite to the liberality

8    afforded to a party seeking to amend its complaint by Federal Rule of Civil Procedure 15.

9         Rule 15(a)(1), which would permit defendants to amend as a matter of course, does not apply

10   to defendants because more than 21 days have passed since plaintiffs answered the counterclaims.

11   Therefore, defendants must seek leave pursuant to Rule 15(a)(2).  It is true that Rule 15(a)(2)

12   instructs that leave should be freely given when justice so requires.

13        However, in this case, defendants have not informed the court how they intend to amend their

14   complaint.  The defendants have made no arguments or given no details on which parties they seek

15   to add, or what causes of action they seek to add against which parties, or why they should be

16   permitted to amend under Rule 15(a)(2).

17        Plaintiffs pointed out many of these deficiencies in their first response to defendants' motion

18   for leave to file amended counterclaims.  Defendants never filed a reply to their own motion.

19        Instead, defendants filed a motion to amend/correct their motion to file amended

20   counterclaims.  (*See* doc. # 44).  In the motion to amend/correct, defendants state that "Pro se

21   Defendants Counter-Plaintiffs [sic] being overwhelmed mistakenly forgot to attach the original

22   complaint and counterclaim and ask the Court for leave to file [sic] corrected amended complaint

23   and counterclaim."  (*Id.*).

24        Local rule 15-1 requires that a party seeking to amend its complaint "shall attach the

25   proposed amended pleading to any motion to amend, so that it will be complete in itself without

26   reference to the superseding pleading."  Defendants have not provided the court with the amended

27   counterclaims they seek to file.  Nor have defendants, in either motion attempting to amend their

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    complaint, informed the court of which claims they seek to add (if any), which parties they seek to

2    add (if any), and then make arguments why Rule 15 would permit such an amendment.  The motion

3    for leave to file an amended complaint and the motion to amend/correct the motion for leave to file

4    the amended complaint are both denied.

5         *B.      Motion to Add Parties*

6         Defendants seek to add all the following parties: "the Board of Trustees, the Operational

7    Committee, Trust Fund Representative(s) and the Trust Funds Collection Attorney."  (Doc. # 38).

8    Defendants do not state the identities or relevance of these parties are or provide any meaningful

9    argument why these parties should be joined by the court.  Defendants only cite Rules 15, 19, and

10   20 as a basis for adding the above mentioned parties.  As the justification for adding these parties,

11   defendants state that the proposed parties to be added "collectively [ ] serve as the coordinating body

12   of the abuses Defendants seek relief from."  (Doc. # 38).

13        Plaintiffs counter by pointing out many of the flaws in defendants' motion.  The court

14   generally agrees with plaintiffs' characterizations.  Essentially, defendants have simply quoted Rule

15   15, 19, and 20 in their motion, and state that the rules permit defendants to add certain parties.  The

16   court can discern no reason why any of the parties that defendants seek to add are (1) required, *see*

17   Rule 19; or, (2) permissive, *see* Rule 20, because none of the parties sought to be added asserts a

18   right to relief relating to any of the occurrences in this transaction.

19        The motion to add parties is denied.  The parties defendants seek to add are mentioned only

20   briefly in either plaintiffs' complaint or defendants' counterclaims.

21        *C.      Motion to Strike and Motion to Dismiss*

22        Plaintiffs filed a motion to dismiss the counterclaims.  (Doc. # 39).  Defendants never filed

23   a response in opposition.  Instead, defendants filed a motion to strike the motion to dismiss.  (Doc.

24   43).

25        The court will not strike the motion to dismiss.[1]  Defendants argue that plaintiffs untimely

26

27   _____

28        [1] Plaintiffs argue that Rule 12(f) applies to pleadings, not motions.  This is true.  However, plaintiffs have filed their motion to dismiss intending it to be a judgment on the pleadings.  Therefore, this particular motion to dismiss is

James C. Mahan
U.S. District Judge

- 4 -

1  filed their motion to dismiss.  It is true that plaintiffs filed an answer to the counterclaims, (doc. #

2  29), and, approximately two months later, filed a motion to dismiss the counterclaims (doc. # 39).

3  However, in the Ninth Circuit, motions to dismiss filed after an answer are treated as a motion for

4  judgment on the pleadings pursuant to Rule 12©.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.

5  1980) ("We believe the best approach is . . . treating the motion to dismiss as a motion for judgment

6  on the pleadings.").  The Ninth Circuit elaborated that this would be the case especially where, as

7  happened in this case, "the answer[ ] included the defense of failure to state a claim." *Aldabe*, 616

8  F.2d at 1093.

9        The court will then proceed to the merits of the motion to dismiss.  Defendants alleged ten

10  causes of action against plaintiffs in their counterclaims.  The court will address each cause of action

11  in turn.

12        As a preliminary matter, the court rehashes some of the facts.  Plaintiffs have already

13  obtained a judgment against Floppy Mop for failing to remit contributions to plaintiffs as required

14  by the CBA.  Plaintiffs are suing defendants in this case because defendants allegedly owned and

15  controlled Floppy Mop.

16              1.      Legal Standard

17        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

18  relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short

19  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

20  8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

21  detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation

22  of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation

23  omitted).  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

24  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter

25  to "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

26

27

28  more akin to a pleading and not a motion.

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

2.      Racial Discrimination in Violation of 42 U.S.C. § 1981

Defendants allege they are African-American, and that plaintiffs committed racial discrimination by overcharging defendants, improperly withholding money from defendants, and improperly placing defendants on the delinquent list.

Section 1981 protects rights of all persons to "make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a). The statute defines "make and enforce contracts" to include "making, performance, modification and termination of contracts and the enjoyment of all benefits, privileges,

James C. Mahan
U.S. District Judge

terms and conditions of a contractual relationship.  42 U.S.C. 1981(b).

"Any claim brought under § 1981, therefore, must initially identify an impaired contractual relationship . . . under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).  "Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Id.*

The problem with defendants' counterclaim for a violation of section 1981, at this stage, is that defendants have provided no specific facts that can survive a *Twombly* analysis.  Defendants make many conclusory allegations.  But there is not a single specific fact such as any dates, any specific actions, how plaintiffs treated any other person in any other contract of a different race.  The cause of action is dismissed.

2.      Pierce the Corporate Veil

Defendants' second and third causes of action assert alter ego claims.  Alter ego claims are codified by statute in Nevada, which states that a stockholder, director, or officer acts as the alter ego of a corporation if: (1) "the corporation is influenced and governed by the stockholder"; (2) "there is such unity of interest and ownership that the corporation and the stockholder, directors or officer are inseparable from each other"; and, (3) "adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice."  NRS 78.747(2).

Defendants assert alter ego claims by alleging that plaintiffs are the alter ego of Tommy White (who defendants state is the chairman of a board of trustees) and against plaintiffs local laborers 872.  Defendants' allegations are wholly conclusory.  There is not a single specific fact alleged in either cause of action two or three.  The allegation more closely alleges a conflict of interest allegation against plaintiffs and Tommy White.  In either case, defendants do not even recite the elements of alter ego or tailor any specific fact to the elements of alter ego.  The causes of action are dismissed without prejudice.

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

1                3.      Good Faith and Fair Dealing

2          Defendants allege that the plaintiffs breached the covenant of good faith and fair dealing.

3    However, "[t]he Ninth Circuit has also held that a cause of action for breach of an implied covenant

4    of good faith and fair dealing is preempted by ERISA." *Smith & Green Corp. v. Trustees of Constr.*

5    *Indus. & Laborers Heath & Welfare Trust*, 244 F.Supp.2d 1098, 1106-07 (D. Nev. 2003).  ERISA

6    has broad preemptive force over state law claims, and defendants good faith and fair dealing claim

7    is preempted.  The cause of action is dismissed.

8                4.      Harassment, Retaliation, Intentional Infliction with Contractual Relations,

9                        and Breach of ERISA Fiduciary Responsibility

10         Defendants allege counterclaims are for harassment, retaliation, intentional infliction of

11   contractual relations, and breach of ERISA fiduciary responsibility.  However, defendants have not

12   alleged any specific facts.

13         For the harassment claim, defendants allege that "[o]n many occasions and pursuant to a

14   common scheme, Plaintiffs intentionally and unjustifiably interfered with Defendants by preventing

15   them from being paid for work they have already performed."  For the retaliation claim, defendants

16   allege that plaintiffs "viscously went after and committed fraud by retaliating against Defendants for

17   being a part of a group lawsuit for Racial Discrimination and other related charges."

18         For the intentional infliction with contractual relations claim, defendants make similar broad

19   claims but not a single specific instance.  For the breach of ERISA fiduciary claim, defendants state

20   "the Plaintiffs disparately and grossly abused and misused its ERISA fiduciary responsibility to

21   attack the Defendants in bad faith under the guise of the ERISA Law."  For the breach of ERISA

22   fiduciary discretion claim, defendants state "[t]he plaintiffs abused its ERISA Fiduciary Discretion

23   by pursuing the defendants through bad faith, unfair dealings and unclean hands."

24         None of these causes of action contain a single specific fact that can survive a *Twombly*

25   analysis.  There are only conclusory allegations with no specific facts tailored to any element of any

26   of the asserted causes of action.  The causes of action are dismissed without prejudice.

27

28

**James C. Mahan**
**U.S. District Judge**                                    - 8 -

5.      Most Favored Nation

Again, defendants do not allege a single specific fact in their most favored nation claim.  An Illinois court has described this cause of action in the following way:

> Whenever parties enter into an agreement with a most-favored-nation clause, the normal reading of that understanding is to look to the possibility of a future racheting upward in favor of the clause's beneficiary, essentially in these terms: Here's our current deal.  But if I give somebody else a better deal at any point during the life of our contract, I promise to give you the benefit of that better deal too.

*Central States, Southeast and Southwest Areas Pension Fund v. Reebie Storage & Moving Co., Inc.*, 815 F.Supp. 1131, 1135 (N.D. Ill. 1993).

Defendants have not alleged any of the elements of this cause of action: (1) defendants have not stated the terms of any current contract they had with plaintiffs; (2) defendants have not alleged that plaintiffs gave a third party a better deal during the life of a purported contract between plaintiffs and defendants; and (3) defendants have not alleged that plaintiffs failed to give defendants that same deal.  The cause of action is dismissed without prejudice.

Finally, plaintiffs argue their motion to dismiss should be treated as a judgment on the pleadings.  The court finds it appropriate to permit *pro se* defendants one attempt to amend their counter-complaint before proceeding to a judgment on the merits.  Therefore, all of defendants' causes of action are dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to add parties (doc. # 38) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to dismissed the counterclaims (doc. # 39) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that defendants' motion for leave to file an amended compliant (doc. # 42) be, and the same hereby is DENIED.

IT IS FURTHER ORDERED that defendants' motion to strike (doc. # 43) be, and the same hereby, is DENIED.

**James C. Mahan**
**U.S. District Judge**

1     IT IS FURTHER ORDERED that defendants' motion to amend/correct their motion for leave

2     to file an amended complaint (doc. # 44) be, and the same hereby, is DENIED.

3     DATED July 17, 2013.

4

5     _____

6     **UNITED STATES DISTRICT JUDGE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**