UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TRUSTEES OF THE
CONSTRUCTION INDUSTRY AND
LABORERS HEALTH AND
WELFARE TRUST, et al.,

    Plaintiff(s),

v.

SHERYL ARCHIE, et al.,

    Defendant(s).

2:12-CV-225 JCM (VCF)

**ORDER**

Presently before the court is defendants' motion for reconsideration. (Doc. # 82). Plaintiffs have responded (doc. # 84) and defendants have replied (doc. # 85).

**I.    Background**

Defendants were formerly officers, managers, and/or directors of a cleaning company, Floppy Mop Inc. Plaintiffs collect, or covered employers are required to remit, employee benefit trust funds that provide pension, health and welfare, vacation, and training benefits to certain covered employees.

In a prior lawsuit in this district, *Trustees of the Construction Industry and Laborers Health and Welfare Trust et al v. Floppy Mop Inc.*, case number 2:10-cv-01603-KJD-GWF, plaintiffs obtained a judgment against Floppy Mop in the amount of $535,158, based on its failure to make required contributions.

**James C. Mahan**
**U.S. District Judge**

1  Plaintiffs then brought the instant suit against defendants individually in order to collect on
2  Floppy Mop's unpaid contributions.  On March 3, 2014, this court granted plaintiffs' motion for
3  summary judgment, finding that the defendants were fiduciaries as defined by ERISA, and could be
4  held personally liable for the judgment obtained against Floppy Mop by virtue of their ownership
5  and control over the remittance payments.  (Doc. # 78).
6  Defendants bring the instant motion asking the court to reconsider that ruling.

7  **II.  Legal Standard**

8  A motion for reconsideration "should not be granted, absent highly unusual circumstances."
9  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Reconsideration "is
10  appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear
11  error or the initial decision was manifestly unjust, or (3) if there is an intervening change in
12  controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

13  Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the
14  rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation
15  of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations
16  omitted).

17  **III.  Discussion**

18  Defendants argue for the first time in their reply in support of their motion for reconsideration
19  that the award of attorneys fees and liquidated damages was improper.  The court rejects this new
20  argument as it was not raised in the motion to reconsider.  *See, e.g., Eberle v. City of Anaheim*, 901
21  F.2d 814, 817-18 (9th Cir. 1990) (noting new issues cannot be raised in a reply); *United States v.*
22  *Bohn*, 956 F.2d 208 (9th Cir. 1992) (same); *see also Carroll,* 342 F.3d at 945 ("A Rule 59(e) motion
23  may not be used to raise arguments or present evidence for the first time when they could reasonably
24  have been raised in the earlier litigation.").  To the extent defendants seek reconsideration of the
25  award of attorneys fees and liquidated damages, their request is denied.
26  Defendants then argue, once again, that the judgment obtained against Floppy Mop in
27  *Trustees of the Construction Industry and Laborers Health and Welfare Trust et al v. Floppy Mop*
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  *Inc.*, case number 2:10-cv-01603-KJD-GWF, was invalid.  The court has repeatedly instructed the
2  defendants that the *only* issue before the court in this lawsuit is whether they can be held personally
3  liable for that judgment.  The court has also repeatedly instructed defendants that this lawsuit is not
4  the proper avenue in which to attack the judgment previously obtained against Floppy Mop.
5  Undeterred, defendants rehash the same arguments in their motion to reconsider.

6      These arguments are not new, do not rest on newly discovered evidence, do not demonstrate
7  the court committed clear error, and do not rely on an intervening change in controlling law.  Thus,
8  there are no grounds upon which the court may reconsider and amend its prior order.[1]

9      Accordingly,

10      IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for
11  reconsideration (doc. # 82) be, and the same hereby is, DENIED.

12      DATED April 25, 2014.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendants also rely on a recording of a hearing on motions to compel held before Magistrate Judge Ferenbach as "new evidence."  Despite the fact that this is not new evidence, the statements made by the magistrate judge relate to the amount of payments made or not made in the previous case.  The magistrate judge merely recognized in passing that a default judgment has already been entered against Floppy Mop and reiterated that the instant lawsuit is not the proper setting to raise arguments challenging the default judgment entered in that case.  The magistrate judge's statements echo what this court has repeatedly told defendants.